## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**GROVER C. JONES, JR.,**

     **Plaintiff,**

**vs.**                                 **CIVIL ACTION NO. 1:21-CV-00519**

**CITY NATIONAL BANK OF**
**WEST VIRGINIA, *ET AL*.,**

     **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

     Pending before the Court is Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), filed on September 14, 2021. Filed contemporaneously with his ***Application***, Plaintiff, acting *pro se*,[1] also submitted a "United States Civil Rights Action and Motion for Mandatory Injunction" (ECF No. 2). By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined Plaintiff's allegations, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case at any time if the Court determines that the action fails to state a claim for which relief can be granted.

---

[1] Plaintiff alleges he had passed the West Virginia State Bar and was a practicing attorney in Peterstown, West Virginia, and that "[t]he political system came after him, and fraudulent manipulation caused the WV State Bar Association to disbar him" (ECF No. 2 at 2); indeed, a search of the West Virginia State Bar membership directory indicates that the bar membership status of Grover C. Jones, of Peterstown, West Virginia, is annulled. Accordingly, because Plaintiff is proceeding *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## FACTUAL ALLEGATIONS

In his civil action, Plaintiff does not specify how this Court has jurisdiction, other than his constitutional rights were violated "in that his property was taken in the form of foreclosure proceedings, and he was not made a party to the proceedings" which are to take place on September 30, 2021 (ECF No. 2 at 3, 7). Plaintiff names the City National Bank of West Virginia (hereinafter referred to as "the Bank") and Shelby Crouse as Defendants, both residents of Beckley, West Virginia. (Id. at 1)

Plaintiff disputes the amount of debt due from a loan for property that his "former" wife, Patricia W. Jones (Plaintiff refers to her as "the Borrower", thus, hereinafter referred to as "the Borrower"), deceased, had negotiated with the Bank on August 28, 2000 for $184,000 (Id. at 2-3). Plaintiff indicates the Bank commenced foreclosure proceedings "by virtue of the Deed of Trust dated August 28, 2002, made by Patricia W. Jones, (deceased) to Joseph M. Blankenship and David L. Zielger, Trustees of record in the Office of the Clerk of the County Commission of Monroe County West Virginia." (Id. at 2)

Plaintiff alleges that he had been in and out of nursing homes, hospitals, and unable to walk for many years, and was not given notice of the foreclosure proceedings and not given an opportunity to cure the default. (Id. at 3) Plaintiff indicates that the Bank permitted a "bad loan" with the Borrower, who only received $715.00 per month from Social Security benefits, because the appraised value of the property at the time, $600,000, and the Bank planned to repossess the property for its own benefit. (Id. at 4) Plaintiff indicates that the Borrower died five years ago, and that the Bank did not "amend" the loan by placing it in Plaintiff's name. (Id.) Plaintiff admits that "approximately five years have passed without consistent payment by the [Plaintiff] and no action was taken to foreclose on the property or demand of full payment, which allowed the [Plaintiff] to

believe that the [Bank] understood the health issues and hardships related to the [Plaintiff], which set the precedent of continued default allowance." (Id.) Plaintiff alleges that several payments were made towards the debt, but "questions remain where these payments landed." (Id.)

Plaintiff alleges that in January 2005, the Borrower had written a letter to the Bank concerning payments made in November and December 2004 that were not acknowledged, that other payments made on the loan totaled more than the original amount of the loan, that the loan was a commercial loan, which carried a higher interest rate than a residential loan, thus preventing the Borrower from obtaining homeowners insurance, and that the Bank discriminated against the Borrower on the basis of age and gender. (Id. at 4-5)

Plaintiff alleges that numerous requests for refinancing were made by "[Plaintiff's] family members to Shelby Crouse" based on representations made by the Bank's own agents that the loan could be refinanced at a lower interest rate, however, requests to refinance were denied "solely based on a frivolous refusal by Shelby Crouse, thus exhibiting discrimination based on relationship of family members to the [Plaintiff] rather than legitimate disqualification[.]" (Id. at 6) Plaintiff alleges he has made renovations to the property, causing its appraised value to rise up to $600,000, and has offered to cure the defaulted loan, however, the Bank refused. (Id.) Plaintiff alleges that the Bank has "discriminated against him based on his age and failing health in an effort to extort his property from him for their own benefit". (Id. at 7)

Plaintiff makes a general demand for "judgment against the named Defendants jointly and severally and that he be granted the punitive damages as permitted by law", and "requests that the Court require a full audit and accounting of this loan, from date of inception to present be conducted before any foreclosing procedures occur." (Id. at 7) Plaintiff asks this Court to enjoin the foreclosure sale. (Id.) Plaintiff also asks that counsel be appointed to him. (Id. at 8)

## THE STANDARD

As noted *supra*, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory. Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however,

the District Court may not dismiss the Complaint, but must permit the amendment. <u>Denton v.</u> <u>Hernandez</u>, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[2], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at *3 (N.D.W.Va. 2007)(citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the

---

[2] <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978).

District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[3]

As noted *supra*, Plaintiff does not allege federal question as the basis for this Court's jurisdiction, but only asserts this is a civil suit alleged violations of his constitutional rights to property.[4] Given the factual allegations, this Court would not have jurisdiction over Plaintiff's claim pursuant to Section 1331. Additionally, Plaintiff's claim has no relation to Section 1332, which requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against

[3] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[4] To the extent that Plaintiff is alleging some variety of 42 U.S.C. § 1983 claim, it is clear from the allegations that neither Defendant would be a "state actor" as Plaintiff does not assert that either Defendant was acting under color of State law in relation to the impending foreclosure proceedings, and no factual support to suggest otherwise. See, e.g., Monell v. Dep't of Soc. Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(A corporation acting under color of State law can be held liable under Section 1983 only for unconstitutional policies and practices.); Motto v. Correctional Medical Services, 2007 WL 2897854 (S.D.W. Va. Sept. 27, 2007).

federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (D.C.W. Va. 1983). Plaintiff alleges that both Defendants are residents of West Virginia, like himself. Accordingly, this Court would be deprived of jurisdiction under Section 1332.

Despite the jurisdictional shortcomings, it is noted that individuals have a statutory right pursuant to 28 U.S.C. § 1654 to prosecute their own cases *pro se* in federal courts. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); also see Faretta v. California, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975) (Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court . . ..) "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400 (emphasis in original) (holding that generally a parent may not proceed *pro se* on behalf of his or her child); also see Osborne v. Bank of the United States, 22 U.S. 738, 6 L.Ed. 204 (1824) (A corporation can appear only by an attorney, while a natural person may appear for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); also see Guest v. Hansen, 603 F.3d 15, 20 (2nd Cir. 2010) ("The law contains so many esoteric

pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person.").

In the instant case, Plaintiff is acting *pro se* and it is unclear as to whether he is the administrator of the Borrower's estate, despite the fact that he brings claims against the Bank concerning not only the impending foreclosure sale, but that it discriminated against the Borrower and engaged in predatory lending and/or misplaced payments towards the loan it extended to the Borrower. To that extent, though the Fourth Circuit has not directly addressed the issue, other circuits have held that an administrator or executor of an estate may not act *pro se* unless he or she is the sole beneficiary and the estate has no creditors. Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015); Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); also see Witherspoon v. Jeffords Agency, Inc., 88 Fed. Appx. 659 (2004)(citing Pridgen and Shepherd, the Fourth Circuit noted that there was an issue concerning whether the *pro se* litigant was the sole beneficiary and whether the estate had creditors). The Second Circuit explained that where the estate has creditors or the administrator or executor is not the sole beneficiary, "an action cannot be described as the litigant's own, because the personal interest of the estate, other survivors, and possible creditors, . . . will be affected by the outcome of the proceedings." Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998). In the instant case, Plaintiff has at least alleged that the Bank itself is a creditor, and thus a beneficiary of the Borrower's estate – at bottom, a beneficiary of the foreclosure sale. To that extent, the undersigned finds that is inappropriate for Plaintiff to proceed *pro se*. See McAdoo v. United States, 2014 WL 359043 (W.D.N.C. Feb. 3, 2014) (finding that plaintiff could not proceed *pro se* on behalf of the estate where Plaintiff was not the only beneficiary); Kimble v. Withers, 2013 WL 6147678 (W.D.Va. Nov. 22, 2013) (finding that

plaintiff could not proceed *pro se* on behalf of the estate where evidence indicated that there was at least one creditor and one other beneficiary), <u>aff'd</u>, 565 Fed.Appx. 270 (4th Cir. 2014); <u>United States v. Nazarian</u>, 2011 WL 1559378 (D. Md. April 25, 2011) (finding that even though the estate was insolvent, plaintiff could not proceed *pro se* where he was not the sole beneficiary or creditor). Accordingly, the undersigned respectfully recommends that the District Court dismiss the above action.

Notwithstanding the issue surrounding Plaintiff's bringing suit on behalf of the Borrower's estate, Plaintiff has also alleged defects or deficiencies in the imminent foreclosure proceedings, which are state law-based claims for which this Court should not exercise its supplemental jurisdiction given that there is no plausible federal claim. <u>Cole v. Montgomery</u>, 2015 WL 5965296, at *5 (Apr. 16, 2015), *report and recommendation adopted as modified*, 2015 WL 5965277 (D.S.C. Oct. 13, 2015). As noted *supra*, Plaintiff's allegations that the Defendants refused to refinance the loan and not put Plaintiff's name on any related paperwork or documents, thus, it is unclear that Plaintiff has any real interest in this property requiring the Bank to provide him notice of the foreclosure sale – this is only underscored by Plaintiff's explicit allegation that the deed of trust was only in the Borrower's name, not his, therefore, it is difficult to determine if Plaintiff has standing to challenge the impending foreclosure sale. Nevertheless, of greater significance here, is that Plaintiff is primarily seeking injunctive relief, an extraordinary remedy that is only used sparingly by courts. <u>The Scotts Company v. United Industries Corporation</u>, 315 F.3d 264 (4th Cir. 2002). In evaluating a request to enjoin a state foreclosure proceeding, a court must consider certain factors: "(1) the Plaintiff is likely to succeed on the merits; (2) the Plaintiff is likely to suffer irreparable harm if the injunctive relief is denied; (3) the balance of equities tips in the Plaintiff's favor; and (4) injunctive relief would be in the public interest." See <u>Houey v. Carolina First Bank,</u>

890 F.Supp.2d 611, 620 (W.D.N.C. Aug. 10, 2012) (court denied plaintiffs' motions for emergency injunctive relief from impending foreclosure sale) (internal citations omitted). In his pursuit to enjoin the Bank's ability to foreclose on this property, Plaintiff undermines his claims by his own admission that over the last five years he has not made consistent payments on the loan securing the property. Since it is highly unlikely that he would succeed on the merits, in spite of the fact that his standing to challenge the foreclosure sale is specious at best, Plaintiff's attempt to enjoin the foreclosure sale on the property must be denied. Further, it is clear that Plaintiff's civil action is plainly not salvageable even if permitted to amend in the spirit of <u>Denton v. Hernandez</u>, *supra*.

## <u>PROPOSAL AND RECOMMENDATION</u>

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's ***<u>Application to Proceed Without Prepayment of Fees and Costs</u>*** (ECF No. 1) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: September 16, 2021.



Omar J. Aboulhosn
United States Magistrate Judge