IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

GROVER C. JONES, JR.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:21-00519

CITY NATIONAL BANK OF
WEST VIRGINIA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on September 16, 2021, in which he recommended that the court deny plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1) and remove this matter from the court's docket. (ECF No. 4.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review

by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Furthermore, de novo review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

On September 27, 2021, plaintiff filed a "NOTICE OF INTENT TO APPEAL" (ECF No. 6), which the court construes as plaintiff's objections to the PF&R. Plaintiff does not make a single specific objection in his filing.

Accordingly, de novo review is unnecessary here, and the court adopts the PF&R as follows:[1]

1. Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1) is **DENIED**; and
2. This matter is **DISMISSED** from the court's docket.

---

[1] In his filing, plaintiff repeats his request for appointment of counsel, which Magistrate Judge Aboulhosn previously denied on September 16, 2021. (ECF No. 5.) The court **DENIES** this subsequent request as moot and because, in any event, plaintiff has not shown that this is an exceptional civil case where counsel should be appointed.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 3rd day of November, 2021.

ENTER:

David A. Faber
Senior United States District Judge